IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARIA CEBADA,<br><br>Petitioner,<br><br>v.<br><br>DERRICK CUNNINGHAM, Sheriff, Warden of the Montgomery County Jail; SCOTT LADWIG, Acting Field Office Director of the New Orleans ICE Field Office; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | ) | CIVIL ACTION NO.<br>2:26cv701-MHT<br>(WO) |

ORDER TO SHOW CAUSE

On September 4, 2026, petitioner Maria Cebada filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she seeks an order directing the respondents to release her immediately or, in the

alternative, to provide her with a bond hearing before an immigration judge. This case is now before the court on Cebada's emergency motion to expedite the proceedings, for an order to show cause, and for production of records supporting detention. The motion will be granted.

Cebada asks the court to enter an order requiring respondents to show cause why the writ should not be granted, to respond within three days, and to produce documents authorizing her detention. Under 28 U.S.C. § 2243, "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Here, upon review of the application, it appears that Cebada may be entitled to relief. Therefore, the court will issue an order to

**show cause.**

**Section 2243 further provides that "[t]he ... order to show cause ... shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. ... When the ... order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed[, and the] court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."** ***Id.***

**Because the statute calls for an expedited hearing schedule, efficient resolution of the issues is of heightened importance. Moreover, 28 U.S.C. § 1657(a) provides that "the court shall expedite the consideration of any action brought under chapter 153 ... of this title[, which includes 28 U.S.C. § 2241]." Based on the facts alleged in the petition, the court finds that the production of relevant documents is "necessary ... in order that a fair and meaningful**

evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (quoting 28 U.S.C. § 1651). Therefore, the court will order the respondents to produce relevant documents along with their response to the order to show cause.

***

Accordingly, it is ORDERED that:

(1) Petitioner's motion (Doc. 8) is granted to the extent set forth in this order.

(2) The clerk of court is DIRECTED to email a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this order to the United States Attorney for the Middle District of Alabama; and to promptly serve the petition, the motion (Doc. 8), this order, and any summons by certified mail to Derrick Cunningham, Sheriff, Montgomery County Sheriff's Department, 115 South Perry St., Montgomery, AL 36104; Scott Ladwig, Acting Field Office Director,

**New Orleans ICE Field Office, 181 James Drive W., St. Rose, LA 70087; David J. Venturella, Acting Director of U.S. Immigration and Customs Enforcement, Office of Executive Secretary, U.S. Department of Homeland Security, Mail Stop 0525, Washington, DC 20528; Markwayne Mullin, Secretary of the Department of Homeland Security, Office of Executive Secretary, U.S. Department of Homeland Security, Mail Stop 0525, Washington, DC 20528; Todd Blanche, Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001; and Thomas R. Govan, Jr., United States Attorney, United States Attorney's Office, Middle District of Alabama, 131 Clayton St., Montgomery, AL 36104. All costs of service shall be advanced by the United States.**

**(3) By September 11, 2026, at 12:00 p.m., respondents shall "make a return certifying the true cause of the detention", 28 U.S.C. § 2243, and shall show cause as to why the petition should not be granted**

**in light of the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) and other relevant law.**

**(4) The appropriate federal immigration respondent(s) shall file and serve with the return the nonprivileged records reasonably available to the government that identify or support the asserted statutory and factual basis for petitioner's present detention, including but not limited to:**

**a. any charging document or notice to appear;**

**b. any administrative warrant relating to petitioner's arrest or detention;**

**c. any custody determination, Form I-286, parole decision, or custody-review decision;**

**d. any record identifying the statutory provision under which petitioner is presently detained;**

**e. any record relied upon in determining that petitioner is subject to mandatory rather than**

**discretionary detention; and**

**f. the basis for the initial vehicle stop in Tallapoosa County.**

**(5) Petitioner may file and serve a traverse (reply) within three days after service of the return and accompanying records.**

**(6) Furthermore, to preserve the status quo and the court's jurisdiction, and to allow prompt production of petitioner for a hearing on the petition as required by 28 U.S.C. § 2243,* respondents shall not remove petitioner Cebada from the Middle District of Alabama, the State of Alabama, or the United States until further order of the court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while**

---

*** "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243.**

**adjudicating the merits).**

**DONE, this the 8th day of September, 2026.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**