IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARIA CEBADA,<br><br>Petitioner,<br><br>v.<br><br>DERRICK CUNNINGHAM, Sheriff, Warden of the Montgomery County Jail; SCOTT LADWIG, Acting Field Office Director of the New Orleans ICE Field Office; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | ) | CIVIL ACTION NO.<br>2:26cv00701-MHT<br>(WO) |

ORDER FOR SUPPLEMENTAL BRIEFING

On September 15, 2026, the court held a status conference with counsel for petitioner Maria Cebada, counsel for respondents Scott Ladwig, David Venturella, Markwayne Mullin, and Todd Blanche, and counsel for respondent Derrick Cunningham. The parties agreed that

petitioner Cebada is entitled to a bond hearing under 8 U.S.C. § 1226(a), and that this hearing should not occur until the court resolves the burden-shifting issue raised by the petitioner.

Based on the representations and arguments made at the status conference, it is ORDERED that:

(1) By Friday, September 18, 2026, at 5:00 p.m., the petitioner shall file supplemental briefing and any additional evidence she wishes to have considered. The supplemental briefing shall address at a minimum the following:

(a) Any case law holding that statutory or constitutional infirmities in a civil immigration arrest support a court requiring burden-shifting at a subsequent § 1226(a) bond hearing; the standard under which the court should review the evidence and determine whether the arresting officer(s) validly or invalidly concluded there was probable cause to make a warrantless arrest; and whether the actions of the

police officers who made the initial stop are relevant to the analysis.

(b) Any case law holding that bias among immigration judges writ large supports ordering burden-shifting at a § 1226(a) bond hearing; and relatedly, whether newspaper articles showing such bias are admissible under any exception to hearsay;

(c) Any case law finding petitioner's argument that the difficulty--if not impossibility--of proving a negative (*e.g.*, that someone is *not* a flight risk) supports ordering burden-shifting at a § 1226(a) bond hearing; and

(d) The standard of review the court should apply to resolve any disputed facts (to the extent they exist).

(2) By Wednesday, September 23, 2026, at 5:00 p.m., the federal respondents shall file a response to the petitioner's supplemental briefing and any additional evidence. The response shall address the above points,

as well as whether the constitutional claims raised by petitioner in this case can properly be raised in immigration appeals from denial of bond after a hearing under § 1226(a).

(3) By Friday, September 25, 2026, at 5:00 p.m., the petitioner shall file a reply to the respondents' response and supplemental briefing.

(4) Until the court resolves these outstanding questions of law and issues an applicable order, the respondents shall not hold a bond hearing under 8 U.S.C. § 1226(a) and shall otherwise preserve the status quo with regards to petitioner Cebada.

DONE, this the 16th day of September, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE